MICHAEL L. TRACY, ESQ., SBN 237779
MTRACY@MICHAELTRACYLAW.COM
LAW OFFICES OF MICHAEL TRACY
2030 Main Street, Suite 1300
Irvine, CA 92614
T: (949) 260-9171
F: (866) 365-3051

Attorneys for Plaintiff STEPHEN SIBERT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| STEPHEN SIBERT,<br><br>Plaintiff,<br><br>vs.<br><br>TV MAGIC, INC., *et al.*,<br><br>Defendants. | Case No.: CV12-3404-DDP-MRWx<br><br>**NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: August 20, 2012 10:00 AM<br>Judge: Hon. Dean D. Pregerson<br>Depart: 3<br><br>Date Filed: April 19, 2012<br>Trial Date: NONE SET |

**TO DEFENDANT TV MAGIC, INC. AND THEIR ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that on August 20, 2012 at 10:00 AM, or as soon thereafter as counsel may be heard in Department 3 of the above-entitled Court, located at 312 North Spring, Los Angeles, California, 90012, Plaintiff STEPHEN SIBERT will and hereby does move this Court for an order that (1) class certification be granted, (2) that TV Magic provide a list of the last known names and addresses for the Class Members, and (3) that the parties meet and confer on the contents of a proposed notice and method of notice.

Plaintiff requests that the following classes be certified:

  All installers of broadcast equipment with the State of California who were paid on an hourly basis by TV Magic for any time period between April 19, 2008 and the date of class certification that were classified as "independent contractors." ("Installers Class"); and

  All members of the Installers Class who no longer work for TV Magic and whose last day of work was between April 19, 2009 and the date of class certification.("Former Installers Subclass")

  This motion is brought in compliance with L.R. 7-3. The conference of counsel took place on 7/6/2012.

  This motion is brought in compliance with L.R. 23-3 which requires that motions for class certification be brought within 90 days of service.

  This motion is based upon this Notice of Motion, the accompanying Motion, the accompanying Memorandum of Points and Authorities, the papers and records on file with this Court, and other such oral and documentary evidence as may be presented to the Court at or prior to the hearing on the Motion.

DATED: July 23, 2012    LAW OFFICES OF MICHAEL TRACY

        /s/ Michael Tracy
By: _____
MICHAEL TRACY, Attorney for Plaintiff STEPHEN SIBERT

# Table of Contents

I. INTRODUCTION ..................................................................................1

II. Factual Background ............................................................................2

III. Class Definitions .................................................................................3

IV. Legal Argument ..................................................................................3

   A. Numerosity is met because there are at least 40 putative class members ................................................................................................4

   B. All of the Class Members were classified as "independent contractors" and paid straight time for overtime hours. ...........................5

   C. Mr. Sibert has the exact same claims as all the class members. ................................................................................................................6

   D. Mr. Sibert and his counsel will advocate on behalf of the class. ................................................................................................................7

   E. A class action is the best way to resolve the issue of whether or not the "independent contractors" should have been paid overtime because a single common issue predominates this entire lawsuit. ..............................7

V. Conclusion ..........................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Advertising Specialty Nat'l Asso. v. Federal Trade Com.*
   238 F.2d 108 (1st Cir. 1956).................................................................................4

*Armstrong v. Davis*
   275 F.3d 849 (9th Cir. Cal. 2001).........................................................................4

*Hanlon v. Chrysler Corp.*
   150 F.3d 1011 (9th Cir. Cal. 1998).......................................................................6

*In re Drexel Burnham Lambert Group*
   960 F.2d 285 (2d Cir. N.Y. 1992).........................................................................6

*Lerwill v. Inflight Motion Pictures, Inc.*
   582 F.2d 507 (9th Cir. Cal. 1978).........................................................................6

*Marisol A. by Forbes v. Giuliani*
   126 F.3d 372 (2d Cir. N.Y. 1997).........................................................................5

*Rannis v. Recchia*
   380 Fed. Appx. 646 (9th Cir. Cal. 2010)..............................................................4

*Rodriguez v. Hayes*
   591 F.3d 1105 (9th Cir. Cal. 2010).......................................................................5

*Schiller v. David's Bridal, Inc.*
   2012 U.S. Dist. LEXIS 80776 (E.D. Cal. June 11, 2012) ...................................6

*United Steel, Paper & Forestry, Rubber, Mfg. Energy v. ConocoPhillips Co.*
   593 F.3d 802 (9th Cir. Cal. 2010).................................................................4, 5, 6

*Wachtel v. Guardian Life Ins. Co. of Am.*
   453 F.3d 179 (3d Cir. N.J. 2006).........................................................................3

**CALIFORNIA CASES**

*Aleksick v. 7-Eleven, Inc.*
   205 Cal. App. 4th 1176 (2012) ............................................................................4

4
MOTION FOR CLASS CERTIFICATION

*Martinez v. Combs*
    49 Cal. 4th 35 (2010) ..................................................................................4

*S. G. Borello & Sons, Inc. v. Department of Industrial Relations*
    48 Cal. 3d 341 (1989) ..................................................................................5

**CALIFORNIA STATUTES**

Cal. Code Regs., Title 8, § 13520, subd. (a)............................................................7

Cal. Lab. Code § 203 ...........................................................................................3, 7

Cal. Lab. Code § 203(b)..........................................................................................3

Cal. Lab. Code § 510 ..............................................................................................6

**OTHER AUTHORITIES**

Rule 23(a)...............................................................................................................3

Rule 23(a)(1) ..........................................................................................................4

Rule 23(a)(2) ..........................................................................................................4

Rule 23(a)(3) ..........................................................................................................5

Rule 23(a)(4) ..........................................................................................................6

Rule 23(b)(3)..........................................................................................................3

5
MOTION FOR CLASS CERTIFICATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

TV Magic, Inc. installs television studio broadcast systems for television stations, churches, worship centers, production and post-production facilities, academic institutions and other telecommunications entities.  Mr. Sibert worked for TV Magic installing the various cables, monitors, and other broadcast equipment that made up the studio environment.  Mr. Sibert was paid at a rate of $27/hr for his services and was paid for every hour worked.  However, Mr. Sibert and the other Class Members were labeled by TV Magic as "independent contractors" and thus were not paid any overtime for work past 8 hours in a day or 40 hours in a week.  Mr. Sibert worked on these studio projects with dozens of other individuals who were also labeled "independent contractors" and thus not paid any overtime.

In addition to not being paid any overtime, the Class Members were also not considered employees for the purposes of unemployment insurance. However, California's Employment Development Department (EDD) conducted an audit of TV Magic and determined that all of the individuals were actually employees and that TV Magic needed to pay their unemployment insurance.

At issue in this lawsuit is that although the EDD has already determined these individuals to be employees, TV Magic has refused to pay the employees the proper overtime wages that they are due.  All of the employees were paid hourly as "independent contractors" and determining the amount of overtime due would require nothing more than putting their payroll records into a spreadsheet and computing the overtime due.  As such, class certification is appropriate because the common legal and factual question is simply whether or not these individuals were actually employees as opposed to independent contractors.  The fact that the EDD

was able to uniformly classify the individuals as employees shows that the issue is best addressed on a class wide basis.

## II. Factual Background

TV Magic, Inc. states on its website that it "provides broadcast systems integration services to television stations, churches, worship centers, production and post production facilities, academic institutions and other telecommunications entities throughout the world."

In providing the service, TV Magic utilized the services of Mr. Sibert and other technicians that it labeled as "independent contractors." (Class Members). These Class Members would provide the basic installation services of running cables, installing monitors, and installing and configuring various pieces of broadcast equipment. (Decl. Sibert ¶2).

The Class Members were paid on an hourly basis and were never paid any overtime even though more than 40 hours in a week were typically worked. (Decl. Sibert ¶3). TV Magic has classified all these individuals as "independent contractors." (Id.).

At some point in 2011, Mr. Sibert was informed by the California EDD that he and the other individuals who worked for TV Magic were improperly classified as "independent contractors" and the EDD had reclassified them as employees, thus entitling them to unemployment benefits. (Decl. Sibert ¶4).

TV Magic directly supervised the work for the Class Members. In fact, on TV Magic's website, it describes the process of building broadcast facilities as follows:

> "We order the equipment. At your facility, we install the equipment in racks and run cable with an experienced crew. Every cable is identified with a label that makes it easy to trace.

    A project manager assures inventory control, supports our crews, and works to make sure your expectations are being met as the project progresses." (Decl. Tracy, Exhibit 1).

It this "experienced crew" that makes up the Class Members as they were all paid as independent contractors.  The exact number of Class Members is not currently known due to the fact that discovery has not yet commenced. However, Plaintiff is certain there are at least 40 such individuals who performed work alongside him within the State of California. (Decl. Sibert ¶5).

### III. Class Definitions

Plaintiff proposes the following class definitions:

All installers of broadcast equipment within the State of California who were paid on an hourly basis by TV Magic for any time period between April 19, 2008 and the date of class certification that were classified as "independent contractors." ("Installers Class"); and

All members of the Installers Class who no longer work for TV Magic and whose last day of work was between April 19, 2009 and the date of class certification. ("Former Installers Subclass")

### IV. Legal Argument

In moving for class certification, the moving party must show "(1) a readily discernible, clear, and precise statement of the parameters defining the class or classes to be certified, and (2) a readily discernible, clear, and complete list of the claims, issues or defenses to be treated on a class basis." *Wachtel v. Guardian Life Ins. Co. of Am.*, 453 F.3d 179, 187-188 (3d Cir. N.J. 2006).

Here, the classes are clearly defined to be all hourly "independent contractors" who performed work within the State of California.  These individuals can easily be determined from existing TV Magic records because TV Magic reported all of the income to the IRS on form 1099.  The issue to be litigated as a

class is simply whether these individuals were actually employees who were thus entitled to overtime pay.

The subclass of former installers is also easily identifiable from tax records and will litigate the additional issue of whether the failure to pay overtime was "willful." Under Cal. Lab. Code § 203, if a party proves that an employer "willfully" did not pay all wages due to an employee upon that employee's termination, then wages continue for up to 30 days as a penalty. The statute of limitations for this penalty is specified as three years – hence the three year period for the Former Installers Subclass. Cal. Lab. Code § 203(b).

Once the class parameters have been established and the claims identified, Plaintiff must still meet all the prerequisites for certification required under Rule 23(a) – namely, numerosity, commonality, typicality, and adequacy of representation, as well as at the requirements from Rule 23(b)(3). The requirement outlined line Rule 23(b)(3) is generally referred to as "predominance." *United Steel, Paper & Forestry, Rubber, Mfg. Energy v. ConocoPhillips Co.*, 593 F.3d 802, 807 (9th Cir. Cal. 2010).

### A. Numerosity is met because there are at least 40 putative class members

Rule 23(a)(1) is typically referred to as "numerosity" in that it requires a class that is "so numerous that joinder of all members is impracticable". The term "impracticable" does not mean "impossible," and only refers to "the difficulty or inconvenience of joining all members of the class." *Advertising Specialty Nat'l Asso. v. Federal Trade Com.*, 238 F.2d 108, 119 (1st Cir. 1956). In general, "courts find the numerosity requirement satisfied when a class includes at least 40 members." *Rannis v. Recchia*, 380 Fed. Appx. 646, 651 (9th Cir. Cal. 2010).

**B.      All of the Class Members were classified as "independent contractors" and paid straight time for overtime hours.**

Rule 23(a)(2) requires that "there are questions of law or fact common to the class."  The Ninth Circuit has held that commonality exists "where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. Cal. 2001).

Here, the common question is whether equipment installers who were labeled as "independent contractors" were actually employees and thus entitled to overtime. In determining whether an individual is an "employee" or an "independent contractor," California law looks to the entity that "exercises control over the wages, hours, or working conditions" of the individual. *Martinez v. Combs*, 49 Cal. 4th 35, 60 (2010).  In performing the evaluation, courts looks at factors such as whether the alleged employer set the wages of the alleged employees, whether the alleged employer could determine the manner in which the individuals performed their work, the type of occupation and whether it is typically done on an independent contractor basis, the skill required of the occupation, whether the work is part of the regular business of the alleged employer, and several other factors. See *Aleksick v. 7-Eleven, Inc.*, 205 Cal. App. 4th 1176, 1188 (2012) for discussion of a variety of cases.  See *S. G. Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal. 3d 341, 367 (1989) for list of factors relevant to the "common law" definition of employment, which is one of three different tests used under California law.

The purpose of this motion is not to determine the ultimate merits of whether these individuals are entitled to overtime. *United Steel, Paper & Forestry, Rubber, Mfg. Energy v. ConocoPhillips Co.*, 593 F.3d 802, 808 (9th Cir. Cal. 2010). However, whether installers of the wiring, television monitors, and various pieces of production equipment are "employees" or "independent contractors" presents a

single piece of factual analysis that can be decided on a class wide basis. That is, the type of occupation is simply performing manual labor installing television production equipment. All of the "installers" performed the same work and were paid in the same manner. (Decl. Siber ¶2-3). In addition, it should be noted that the California Employment Development Department (EDD) determined that all these individuals were employees rather than independent contractors. (Decl. Sibert ¶4). While the decision of the EDD may or may not be relevant to the ultimate merits of this case, the fact that an administrative agency could make such a determination that was applicable to all employees is relevant to whether or not class certification if appropriate.

### C. Mr. Sibert has the exact same claims as all the class members.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." This requirement is "permissive" and requires only that the representative's claims are reasonably related to those of the absent class members. *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. Cal. 2010). Typicality will be found when "each class member makes similar legal arguments to prove the defendant's liability." *Marisol A. by Forbes v. Giuliani*, 126 F.3d 372, 376 (2d Cir. N.Y. 1997).

In this case, Mr. Sibert, as with all other "independent contractors" was paid by the hour and not paid any overtime. (Decl. Sibert ¶3). If Mr. Sibert can prove that the individuals should have been paid as employees rather than independent contractors, then all of the them will be entitled to additional overtime wages. In addition, the amount of damages could easily be determined from TV Magic's records because the employees were all paid hourly. The hours past 8 in a day or 40 in a week would simply need to be paid at the overtime premium rate. Cal. Lab. Code § 510.

**D.      Mr. Sibert and his counsel will advocate on behalf of the class.**

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." There are two components evaluated in determining adequacy of representation. "First, the named representatives must appear able to prosecute the action vigorously through qualified counsel, and second, the representatives must not have antagonistic or conflicting interests with the unnamed members of the class." *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. Cal. 1978).

Adequacy of the named plaintiff has been found in wage cases where all individuals have the same interests. *Schiller v. David's Bridal, Inc.*, 2012 U.S. Dist. LEXIS 80776, *18 (E.D. Cal. June 11, 2012). Here, Mr. Sibert has expressly acknowledged that he is advocating on behalf of the class and has no known contrary interest. (Decl. Sibert ¶6).

The second component of adequacy is whether class counsel is "qualified, experienced and generally able to conduct the litigation" *In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. N.Y. 1992). Here, class counsel has handled numerous wage and hour cases, including class actions much larger than this one. (Decl. Tracy ¶ 4-8).

**E.      A class action is the best way to resolve the issue of whether or not the "independent contractors" should have been paid overtime because a single common issue predominates this entire lawsuit.**

In determining whether or not common issues predominate, it is sufficient to show that there are common legal issues, even if damages will be individualized. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. Cal. 1998). In determining whether common issues predominate, it is sufficient if Plaintiff has a theory of the case that is susceptible to class treatment, even if Plaintiff may not

ultimately prevail on that claim. *United Steel, Paper & Forestry, Rubber, Mfg. Energy v. ConocoPhillips Co.*, 593 F.3d 802, 808 (9th Cir. Cal. 2010).

Here, there is one issue that is at the heart of this lawsuit: Are television equipment installers who worked for TV Magic employees or independent contractors? As noted above, the issue of whether an individual is an employee or independent contractor involves the analysis of various factual issues. However, all the individuals here performed the same work, were controlled by the same entity, and were paid in the same manner. (Decl. Sibert ¶2-3). As such, the employment issue is best decided on a class wide basis, just as the EDD made a similar determination for all these individuals.

In addition, the Former Installers Subclass has a nearly identical issue. For this subclass, the issue is whether the classification of the individuals as "independent contractors" was "willful." Cal. Lab. Code § 203. The essence of a willful violation is a lack of a good-faith dispute about the proper classification of the individuals. Cal. Code Regs., tit. 8, § 13520, subd. (a). This issue is clearly best decided on a class wide basis because either TV Magic has a good faith reason for classifying the individuals as independent contractors or it did not. There is no evidence that TV Magic classified some individuals as employees and others as independent contractors or provided any type of individualized analysis. Indeed, given the job duties of the individuals at issue in this lawsuit Plaintiff argues that it is not even a close call that these individuals are employees and hence this was a willful violation. However, that ultimate determination must await trial. For this motion it is sufficient that all the determinations can be made one way or another on a class wide basis.

In looking at the Rule 23(b)(3) criteria in this case, all of them support class certification. Namely, no class member would have a significant interest in controlling the prosecution of a separate action. Maintaining separate actions

would simply involve dozens of individuals submitting identical evidence regarding their job duties and the control exercised by TV Magic. The damages are a mathematical calculation based on existing undisputed hourly record.

No party has filed a notice of related case and counsel is not aware of any other litigation pertaining to this subject matter other than the EDD determination previously noted.

It is desirable to consolidate all these claims in this forum because the work was performed in California and California law will determine all the issues in the case.

There are no difficulties in managing a class because the central issue of employment is primarily decided on a "job position" type of analysis. That is, all the analysis is on whether the type of occupation is one which permits sufficient freedom to be performed by independent contractors. While there may be some professions which operate both as independent contractors and employees (attorney's for instance), this case is not one of them. In addition, the damages are nothing more than plugging existing undisputed numbers into a spreadsheet to compute the amount of overtime due. The employees were already paid for each and every hour that they worked. The only issue is computing the addition premium for overtime hours, which is nothing more than a trivial mathematical calculation.

**V.    Conclusion**

TV Magic employed dozens of installers of television studio equipment and improperly classified them as "independent contractors" so as not to pay the individuals overtime pay. All these individuals performed the exact same work and were paid in the exact same manner. As such, their employment status, and their entitlement to overtime, is best determined on a class wide basis. As such, Plaintiff respectfully requests that: (1) class certification be granted, (2) that TV

9
MOTION FOR CLASS CERTIFICATION

Magic provide a list of the last known names and addresses for the Class Members, and (3) that the parties meet and confer on the contents of a proposed notice and method of notice. Either agreed upon proposed notice will be submitted for this Court's approval, or a noticed motion will be brought to determine the contents of the notice.

DATED: July 23, 2012          LAW OFFICES OF MICHAEL TRACY

                                              /s/ Michael Tracy
                              By: _____
                                   MICHAEL TRACY, Attorney for Plaintiff
                                   STEPHEN SIBERT