O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN SIBERT, an individual, on behalf of himself and all others similarly situated, <br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TV MAGIC, INC., a California corporation,<br><br>　　　　Defendant. | Case No. CV 12-03404 DDP (MRWx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>[Docket No. 13] |

　　Presently before the court is Plaintiff Stephen Sibert's Motion for Class Certification ("Motion"). Having reviewed the parties' moving papers and heard oral argument, the court grants the Motion and adopts the following Order.

**I.　BACKGROUND**

　　Defendant TV Magic, Inc. ("Defendant" or "TV Magic") installs television studio broadcast systems for television stations, churches, academic institutions, and other entities. From 2008 to 2009, Plaintiff worked for TV Magic installing the necessary cables, monitors, and other broadcast equipment. According to

Plaintiff, TV Magic would assign him to work at different job sites along with several other "Installers," performing these same "basic installation services." Plaintiff alleges that he has worked alongside at least 40 other Installers over the course of his employment. (Decl. of Stephen Sibert in Supp. of Mot. ("Sibert Decl.") ¶¶ 2, 5.) On its website, TV Magic describes the installation process as follows:

> We order the equipment. At your facility, we install the equipment in racks and run cable with an experienced crew. Every cable is identified with a label that makes it easy to trace. A project manager assures inventory control, supports our crews, and works to make sure your expectations are being met as the project progresses.

(Decl. of Michael Tracy in Supp. of Mot. ("Tracy Decl.") ¶ 9, Ex. 1.)

Plaintiff further alleges that TV Magic paid Plaintiff and the other Installers on an hourly basis. TV Magic, however, classified the Installers as "independent contractors," instead of as "employees." As a result, TV Magic did not provide unemployment insurance or pay the Installers any overtime, even though they typically worked more than 40 hours per week. (Sibert Decl. ¶¶ 3-4; see also Compl. ¶¶ 16-17 ("The Installers . . . typically worked 50 hours [per week].").

California's Employment Development Department ("EDD") eventually conducted an audit of TV Magic and determined that the Installers were in fact employees for purposes of unemployment insurance. (Sibert Decl. ¶ 4.) Plaintiff contends that the installers are also employees for purposes of overtime, and therefore filed this action seeking compensation for overtime hours

2

worked. Plaintiff has now filed this Motion, asking the court to certify the following two classes:

> 1) All installers of broadcast equipment within the State of California who were paid on a hourly basis by TV Magic for any time period between April 19, 2008 and the date of class certification that were classified as "independent contractors" ("Installers Class"); and
>
> 2) All members of the Installers Class who no longer work for TV Magic and whose last day of work was between April 19, 2009 and the date of class certification ("Former Installers Class").

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 23(a) sets forth four prerequisites for class certification:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); Hanon v. Dataprods. Corp., 976 F.2d 497, 508 (9th Cir. 1992). These four requirements are often referred to as numerosity, commonality, typicality, and adequacy. See Gen. Tel. Co. v. Falcon, 457 U.S. 147, 156 (1982). The party seeking class certification bears the burden of showing that each of Rule 23(a)'s requirements are met. See Hanon, 976 F.2d at 508.

"In addition to meeting the conditions imposed by Rule 23(a), the parties seeking class certification must also show that the action is maintainable under [Rule] 23(b)(1), (2) or (3)." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1022 (9th Cir. 1998).

///
///
///

3

## III. DISCUSSION

### A. Rule 23(a)

#### 1. Numerosity

Plaintiff must first demonstrate that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). As both parties agree, courts will typically find the numerosity requirement satisfied when a class includes 40 or more members. See Rannis v. Recchia, 380 Fed. Appx. 646, 651 (9th Cir. 2010).

Here, Plaintiff states that although he needs to conduct discovery to determine the exact number of class members, he has worked alongside at least 40 other Installers. Defendant objects, however, that this conclusory statement in Plaintiff's declaration is inadmissible. Defendant also argues that Plaintiff has failed to provide any evidence that these other Installers: 1) actually worked overtime; 2) were hired and paid by TV Magic, instead of by one of the third party companies that TV Magic contracted to also provide installation workers; or 3) were in fact classified by TV Magic as independent contractors. The court does not find any of these objections persuasive.

First, as Plaintiff correctly notes, a "court may consider evidence that may not be admissible at trial," for purposes of certifying a class. Alonzo v. Maximus, Inc., 275 F.R.D. 513, 519 (C.D. Cal. 2011) (internal quotation marks omitted); see also In re Coordinated Pretrial Proc. in Petroleum Prods. Antitrust Litig., 691 F.2d 1335, 1342 (9th Cir. 1982) ("[I]n determining whether to certify the class, the district court is bound to take the substantive allegations of the complaint as true . . . .").

The court therefore finds Plaintiff's allegations in his sworn declaration adequate at this stage. Contrary to Defendant's other contentions, Plaintiff expressly states that the other Installers were paid hourly by TV Magic and typically worked about 50 hours per week, but were classified by TV Magic as independent contractors and not paid for any overtime. Moreover, although Defendant questions Plaintiff's proof, Defendant does not actually dispute any of these numbers or claims. Accordingly, the court finds that Plaintiff has met Rule 23(a)'s numerosity requirement.

**2.  Commonality**

Second, Plaintiff must demonstrate that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Rule 23(a)(2) has been construed permissively. All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient . . . ." <u>Hanlon</u>, 150 F.3d at 1019. Indeed, "[e]ven a single [common] question will do," so long as that question has the capacity to generate a common answer "apt to drive the resolution of the litigation." <u>Wal-Mart Stores, Inc. v. Dukes</u>, 131 S. Ct. 2541, 2551, 2556 (2011) (internal quotation marks omitted).

According to Plaintiff, the common question here is whether the Installers classified by TV Magic as independent contractors were in fact employees entitled to overtime pay. Defendant contends, however, that California law on this issue requires a

fact specific inquiry that will differ as to each individual Installer.[1]

Under California law, "the principal test of an employment relationship is whether the person to whom service is rendered has the right to control the manner and means of accomplishing the result desired." S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations, 48 Cal. 3d 341, 350 (1989) (internal quotation marks and alteration omitted). "California courts also look to secondary indicia to determine whether an individual is an employee, including: (1) the right to discharge at will; '(2) whether the one performing services is engaged in a distinct occupation or business; (3) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the principal or by a specialist without supervision; (4) the skill required in the particular occupation; (5) whether the principal or the worker supplies the instrumentalities, tools, and the place of work for the person doing the work; (6) the length of time for which the services are to be performed; (7) the method of payment, whether by the time or by the job; (8) whether or not the work is a part of the regular business of the principal; and (9) whether or not the parties believe they are creating the relationship of employer-employee.'" Guifu Li v. A Perfect Franchise, Inc., No. 5:10-CV-01189, 2011 WL 4635198, at *12 (N.D. Cal. Oct. 5, 2011) (quoting Borello, 480 Cal. 3d at 350-51).

---

[1] Defendant also raises again its argument as to admissible evidence, which this court has already addressed and rejected.

Here, Defendant claims that these factors will vary within the proposed Installer classes, because they include "individuals with varying levels of experience . . . often categorized as being an Installer Level I, Installer Level II, Installer Level III, or Installer Level IV." According to Defendant, these divergent skill levels will impact the "skill required" and "right to control" factors. Defendant similarly alleges that various other factors will vary by individual, because: 1) the length of time to complete installation projects varied; 2) the subjective belief about the nature of the working relationship is necessarily individual specific; and 3) TV Magic contracted with third party companies and individuals to provide some installation services, and also hired unskilled workers to help as temporary employees. (Opp. at 6-8.)

Although Defendant may be right that some of the secondary factual inquiries will vary by individual, the court finds that the primary factor - TV Magic's right to control the Installers - as well as most of the secondary indicia, will involve common inquiries across the proposed classes. As discussed, Plaintiff alleges that TV Magic set and paid all of the Installers hourly rates, then assigned them to work together on different job sites, but classified them all as independent contractors. Because Plaintiff bases the proposed classes on these alleged facts, the classes also exclude any installation workers contracted through third parties or categorized by TV Magic as employees. Plaintiff further alleges that he and the other Installers typically worked the same number of hours and overtime hours per week, and performed the same basic job duties: "running cables, installing

7

monitors, and installing and configuring various pieces of broadcast equipment." (Sibert Decl. ¶ 2.) TV Magic's own website suggests other commonalities, including as to the primary "right to control" factor: "We order the equipment"; "we install the equipment in racks and run cable with an experienced crew"; "[a] project manager assures inventory control [and] supports our crews." (Tracy Decl. ¶ 9, Ex. 1.)

Although not determinative, the court also finds persuasive that other courts in this Circuit have found this legal issue amenable to class certification, and that - according to Plaintiff's allegations - the California Employment Development Department was able to uniformly classify the Installers as employees. See Guifu Li, 2011 WL 4635198, at *7 ("District Courts throughout this circuit have found that commonality is met when the proposed class of plaintiffs asserts that class members were improperly classified as independent contractors instead of employees."); Narayan v. EGL, Inc., 616 F.3d 895, 904 (9th Cir. 2010) ("[I]t is not without significance that, applying comparable factors to those that we apply here [for overtime pay], . . . the [EDD] . . . ha[s] determined that [plaintiff] was an employee for . . . [unemployment insurance] purposes . . . ."); Messenger Courier Ass'n of Ams. v. Cal. Unemployment Ins. App. Bd., 175 Cal. App. 4th 1074, 1085 (2009) (noting that California "defines an employee for purposes of applying the Unemployment Insurance Code as, among other criteria, any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee" (internal quotation marks, emphasis, and alteration omitted)).

### 3. Typicality

Rule 23(a) also requires Plaintiff to demonstrate that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon, 150 F.3d at 1020.

Here, Defendant's only objection to typicality is based on its commonality analysis. For the reasons discussed, the court finds that Plaintiff's claims are likely to be reasonably co-extensive with those of the other Installers.

### 4. Adequacy

Finally, Rule 23(a) requires Plaintiff to demonstrate that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Hanlon, 150 F.3d at 1020.

Defendant does not raise any objection as to the fourth Rule 23(a) factor. Having independently considered this factor, the court does not see any reason to doubt the legal adequacy of Plaintiff and his counsel.

## B. Rule 23(b)

Plaintiff seeks certification pursuant to Rule 23(b)(3). Under this Rule, Plaintiff must show that questions of law or fact common to the members of the class predominate over any questions

9

affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Here, Defendant does not specifically address Rule 23(b)(3). However, Defendant's arguments as to commonality and typicality apply equally to this analysis. For the reasons discussed, the court finds these arguments unpersuasive. Again, given Plaintiff's allegations, the court finds that common questions of law and fact will predominate over individual ones with regard to the sole legal issue: the Installers' status as independent contractors or employees. The court also finds that, because of these commonalities and the relative manageability of the proposed classes and claims, a class action is the superior method for resolving the parties' dispute.

**IV. CONCLUSION**

For all of these reasons, the court hereby GRANTS Plaintiff's Motion for Class Certification, and certifies the "Installers Class" and "Former Installers Class" proposed by Plaintiff.

IT IS SO ORDERED.

Dated: August 21, 2012

DEAN D. PREGERSON
United States District Judge