O

1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10

11   STEPHEN SIBERT, an            )  Case No. CV 12-03404 DDP (MRWx)
     individual, on behalf of      )
12   himself and all others        )  **ORDER GRANTING PLAINTIFF'S MOTION**
     similarly situated,           )  **FOR CLASS CERTIFICATION**
13                                  )
                     Plaintiff,    )
14                                  )
          v.                       )
15                                  )
     TV MAGIC, INC., a California   )  [Docket No. 13]
16   corporation,                  )
                                    )
17                   Defendant.    )
     _____)
18

19        Presently before the court is Plaintiff Stephen Sibert's

20   Motion for Class Certification ("Motion").  Having reviewed the

21   parties' moving papers and heard oral argument, the court grants

22   the Motion and adopts the following Order.

23   **I.   BACKGROUND**

24        Defendant TV Magic, Inc. ("Defendant" or "TV Magic") installs

25   television studio broadcast systems for television stations,

26   churches, academic institutions, and other entities.  From 2008 to

27   2009, Plaintiff worked for TV Magic installing the necessary

28   cables, monitors, and other broadcast equipment.  According to

1  Plaintiff, TV Magic would assign him to work at different job sites

2  along with several other "Installers," performing these same "basic

3  installation services."  Plaintiff alleges that he has worked

4  alongside at least 40 other Installers over the course of his

5  employment.  (Decl. of Stephen Sibert in Supp. of Mot. ("Sibert

6  Decl.") ¶¶ 2, 5.)  On its website, TV Magic describes the

7  installation process as follows:

8         We order the equipment.  At your facility, we install the
        equipment in racks and run cable with an experienced crew.
9       Every cable is identified with a label that makes it easy
        to trace.  A project manager assures inventory control,
10      supports our crews, and works to make sure your
        expectations are being met as the project progresses.

11 (Decl. of Michael Tracy in Supp. of Mot. ("Tracy Decl.") ¶ 9, Ex.

12 1.)

13      Plaintiff further alleges that TV Magic paid Plaintiff and the

14 other Installers on an hourly basis.  TV Magic, however, classified

15 the Installers as "independent contractors," instead of as

16 "employees."  As a result, TV Magic did not provide unemployment

17 insurance or pay the Installers any overtime, even though they

18 typically worked more than 40 hours per week.  (Sibert Decl. ¶¶ 3-

19 4; see also Compl. ¶¶ 16-17 ("The Installers . . . typically worked

20 50 hours [per week].").

21      California's Employment Development Department ("EDD")

22 eventually conducted an audit of TV Magic and determined that the

23 Installers were in fact employees for purposes of unemployment

24 insurance.  (Sibert Decl. ¶ 4.)  Plaintiff contends that the

25 installers are also employees for purposes of overtime, and

26 therefore filed this action seeking compensation for overtime hours

27

28

                                    2

worked.   Plaintiff has now filed this Motion, asking the court to certify the following two classes:

> 1) All installers of broadcast equipment within the State of California who were paid on a hourly basis by TV Magic for any time period between April 19, 2008 and the date of class certification that were classified as "independent contractors" ("Installers Class"); and

> 2) All members of the Installers Class who no longer work for TV Magic and whose last day of work was between April 19, 2009 and the date of class certification ("Former Installers Class").

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 23(a) sets forth four prerequisites for class certification:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); Hanon v. Dataprods. Corp., 976 F.2d 497, 508 (9th Cir. 1992).  These four requirements are often referred to as numerosity, commonality, typicality, and adequacy.  See Gen. Tel. Co. v. Falcon, 457 U.S. 147, 156 (1982).  The party seeking class certification bears the burden of showing that each of Rule 23(a)'s requirements are met.  See Hanon, 976 F.2d at 508.

    "In addition to meeting the conditions imposed by Rule 23(a), the parties seeking class certification must also show that the action is maintainable under [Rule] 23(b)(1), (2) or (3)."  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1022 (9th Cir. 1998).

///

///

///

3

**III. DISCUSSION**

    **A.   Rule 23(a)**

        **1.   Numerosity**

Plaintiff must first demonstrate that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). As both parties agree, courts will typically find the numerosity requirement satisfied when a class includes 40 or more members. <u>See</u> <u>Rannis v. Recchia</u>, 380 Fed. Appx. 646, 651 (9th Cir. 2010).

Here, Plaintiff states that although he needs to conduct discovery to determine the exact number of class members, he has worked alongside at least 40 other Installers. Defendant objects, however, that this conclusory statement in Plaintiff's declaration is inadmissible. Defendant also argues that Plaintiff has failed to provide any evidence that these other Installers: 1) actually worked overtime; 2) were hired and paid by TV Magic, instead of by one of the third party companies that TV Magic contracted to also provide installation workers; or 3) were in fact classified by TV Magic as independent contractors. The court does not find any of these objections persuasive.

First, as Plaintiff correctly notes, a "court may consider evidence that may not be admissible at trial," for purposes of certifying a class. <u>Alonzo v. Maximus, Inc.</u>, 275 F.R.D. 513, 519 (C.D. Cal. 2011) (internal quotation marks omitted); <u>see also</u> <u>In re Coordinated Pretrial Proc. in Petroleum Prods. Antitrust Litig.</u>, 691 F.2d 1335, 1342 (9th Cir. 1982) ("[I]n determining whether to certify the class, the district court is bound to take the substantive allegations of the complaint as true . . . .").

1   The court therefore finds Plaintiff's allegations in his sworn
2   declaration adequate at this stage.  Contrary to Defendant's other
3   contentions, Plaintiff expressly states that the other Installers
4   were paid hourly by TV Magic and typically worked about 50 hours
5   per week, but were classified by TV Magic as independent
6   contractors and not paid for any overtime.  Moreover, although
7   Defendant questions Plaintiff's proof, Defendant does not actually
8   dispute any of these numbers or claims.  Accordingly, the court
9   finds that Plaintiff has met Rule 23(a)'s numerosity requirement.

10              **2.   Commonality**

11      Second, Plaintiff must demonstrate that "there are questions
12  of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).
13  "Rule 23(a)(2) has been construed permissively.  All questions of
14  fact and law need not be common to satisfy the rule.  The
15  existence of shared legal issues with divergent factual predicates
16  is sufficient . . . ."  Hanlon, 150 F.3d at 1019.  Indeed, "[e]ven
17  a single [common] question will do," so long as that question has
18  the capacity to generate a common answer "apt to drive the
19  resolution of the litigation."  Wal-Mart Stores, Inc. v. Dukes,
20  131 S. Ct. 2541, 2551, 2556 (2011) (internal quotation marks
21  omitted).

22      According to Plaintiff, the common question here is whether
23  the Installers classified by TV Magic as independent contractors
24  were in fact employees entitled to overtime pay.  Defendant
25  contends, however, that California law on this issue requires a
26
27
28

1    fact specific inquiry that will differ as to each individual
2    Installer.[1]

3        Under California law, "the principal test of an employment
4    relationship is whether the person to whom service is rendered has
5    the right to control the manner and means of accomplishing the
6    result desired." S.G. Borello & Sons, Inc. v. Dep't of Indus.
7    Relations, 48 Cal. 3d 341, 350 (1989) (internal quotation marks
8    and alteration omitted).  "California courts also look to
9    secondary indicia to determine whether an individual is an
10   employee, including: (1) the right to discharge at will; '(2)
11   whether the one performing services is engaged in a distinct
12   occupation or business; (3) the kind of occupation, with reference
13   to whether, in the locality, the work is usually done under the
14   direction of the principal or by a specialist without supervision;
15   (4) the skill required in the particular occupation; (5) whether
16   the principal or the worker supplies the instrumentalities, tools,
17   and the place of work for the person doing the work; (6) the
18   length of time for which the services are to be performed; (7) the
19   method of payment, whether by the time or by the job; (8) whether
20   or not the work is a part of the regular business of the
21   principal; and (9) whether or not the parties believe they are
22   creating the relationship of employer-employee.'" Guifu Li v. A
23   Perfect Franchise, Inc., No. 5:10-CV-01189, 2011 WL 4635198, at
24   *12 (N.D. Cal. Oct. 5, 2011) (quoting Borello, 480 Cal. 3d at 350-
25   51).

26

27   _____

28       [1]  Defendant also raises again its argument as to admissible
     evidence, which this court has already addressed and rejected.

                                 6

1   Here, Defendant claims that these factors will vary within
2   the proposed Installer classes, because they include "individuals
3   with varying levels of experience . . . often categorized as being
4   an Installer Level I, Installer Level II, Installer Level III, or
5   Installer Level IV." According to Defendant, these divergent
6   skill levels will impact the "skill required" and "right to
7   control" factors. Defendant similarly alleges that various other
8   factors will vary by individual, because: 1) the length of time to
9   complete installation projects varied; 2) the subjective belief
10  about the nature of the working relationship is necessarily
11  individual specific; and 3) TV Magic contracted with third party
12  companies and individuals to provide some installation services,
13  and also hired unskilled workers to help as temporary employees.
14  (Opp. at 6-8.)
15      Although Defendant may be right that some of the secondary
16  factual inquiries will vary by individual, the court finds that
17  the primary factor - TV Magic's right to control the Installers -
18  as well as most of the secondary indicia, will involve common
19  inquiries across the proposed classes. As discussed, Plaintiff
20  alleges that TV Magic set and paid all of the Installers hourly
21  rates, then assigned them to work together on different job sites,
22  but classified them all as independent contractors. Because
23  Plaintiff bases the proposed classes on these alleged facts, the
24  classes also exclude any installation workers contracted through
25  third parties or categorized by TV Magic as employees. Plaintiff
26  further alleges that he and the other Installers typically worked
27  the same number of hours and overtime hours per week, and
28  performed the same basic job duties: "running cables, installing

1  monitors, and installing and configuring various pieces of

2  broadcast equipment." (Sibert Decl. ¶ 2.) TV Magic's own website

3  suggests other commonalities, including as to the primary "right

4  to control" factor: "We order the equipment"; "we install the

5  equipment in racks and run cable with an experienced crew"; "[a]

6  project manager assures inventory control [and] supports our

7  crews." (Tracy Decl. ¶ 9, Ex. 1.)

8      Although not determinative, the court also finds persuasive

9  that other courts in this Circuit have found this legal issue

10 amenable to class certification, and that - according to

11 Plaintiff's allegations - the California Employment Development

12 Department was able to uniformly classify the Installers as

13 employees. See Guifu Li, 2011 WL 4635198, at *7 ("District Courts

14 throughout this circuit have found that commonality is met when

15 the proposed class of plaintiffs asserts that class members were

16 improperly classified as independent contractors instead of

17 employees."); Narayan v. EGL, Inc., 616 F.3d 895, 904 (9th Cir.

18 2010) ("[I]t is not without significance that, applying comparable

19 factors to those that we apply here [for overtime pay], . . . the

20 [EDD] . . . ha[s] determined that [plaintiff] was an employee for

21 . . . [unemployment insurance] purposes . . . ."); Messenger

22 Courier Ass'n of Ams. v. Cal. Unemployment Ins. App. Bd., 175 Cal.

23 App. 4th 1074, 1085 (2009) (noting that California "defines an

24 employee for purposes of applying the Unemployment Insurance Code

25 as, among other criteria, any individual who, under the usual

26 common law rules applicable in determining the employer-employee

27 relationship, has the status of an employee" (internal quotation

28 marks, emphasis, and alteration omitted)).

### 3. Typicality

Rule 23(a) also requires Plaintiff to demonstrate that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon, 150 F.3d at 1020.

Here, Defendant's only objection to typicality is based on its commonality analysis. For the reasons discussed, the court finds that Plaintiff's claims are likely to be reasonably co-extensive with those of the other Installers.

### 4. Adequacy

Finally, Rule 23(a) requires Plaintiff to demonstrate that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Hanlon, 150 F.3d at 1020.

Defendant does not raise any objection as to the fourth Rule 23(a) factor. Having independently considered this factor, the court does not see any reason to doubt the legal adequacy of Plaintiff and his counsel.

### B. Rule 23(b)

Plaintiff seeks certification pursuant to Rule 23(b)(3). Under this Rule, Plaintiff must show that questions of law or fact common to the members of the class predominate over any questions

1 affecting only individual members, and that a class action is

2 superior to other available methods for the fair and efficient

3 adjudication of the controversy.

4     Here, Defendant does not specifically address Rule 23(b)(3).

5 However, Defendant's arguments as to commonality and typicality

6 apply equally to this analysis.  For the reasons discussed, the

7 court finds these arguments unpersuasive.  Again, given

8 Plaintiff's allegations, the court finds that common questions of

9 law and fact will predominate over individual ones with regard to

10 the sole legal issue: the Installers' status as independent

11 contractors or employees.  The court also finds that, because of

12 these commonalities and the relative manageability of the proposed

13 classes and claims, a class action is the superior method for

14 resolving the parties' dispute.

15 **IV.   CONCLUSION**

16     For all of these reasons, the court hereby GRANTS Plaintiff's

17 Motion for Class Certification, and certifies the "Installers

18 Class" and "Former Installers Class" proposed by Plaintiff.

19

20 IT IS SO ORDERED.

21

22

23 Dated: August 21, 2012

24                                 DEAN D. PREGERSON
                                United States District Judge

25

26

27

28